```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RONALD JONES,<br><br>     Petitioner,<br><br>   v.<br><br>PAUL K. LAGANA, et al.,<br><br>     Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>  Civil Action<br>  No. 13-5185 (JBS)<br><br>       **OPINION** |

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

Before the Court is Petitioner Ronald Jones' ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Docket Entry 1). He has also filed an amended application to proceed *in forma pauperis* and motion for the appointment of counsel, (Docket Entry 3). For the reasons set forth below, the petition will be dismissed for lack of jurisdiction, and the motions will be dismissed as moot.

**II. BACKGROUND**

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Cumberland County, of kidnapping, aggravated sexual assault, and possession of a weapon for an unlawful purpose. On October 19, 1981, the trial court imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility.

Petitioner has filed several petitions under § 2254 challenging his convictions and sentence. *See Jones v. Lagana*, No.

12-5823, 2015 WL 851500, at *1 (D.N.J. Feb. 26, 2015) (reviewing history of Petitioner's § 2254 filings); *Jones v. New Jersey Parole Bd.*, No. 09-2510, 2011 WL 2923705, at *1-2 (D.N.J. July 18, 2011) (same). In the instant petition, he asserts he received ineffective assistance of counsel during his trial and appeal, the prosecution failed to disclose favorable, material evidence, the state courts inappropriately applied a time-bar to his post-conviction relief application, and he was denied due process when the post-conviction relief hearing was held in his absence. (Docket Entry 1 at 12-13). Prior to filing this petition on August 29, 2013, Petitioner was released from prison. (Docket Entry 1 at 1). As part of his sentence, Petitioner is required to register as a sex offender. (Docket Entry 1 at 6).

**III. STANDARD OF REVIEW**

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. ANALYSIS**

Federal courts have jurisdiction to entertain applications for a writ of habeas corpus from persons who are "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). "While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). At the time Petitioner filed this petition, he had served his entire sentence and was no longer incarcerated. (Docket Entry 1 at 6).[1]

The Court's custody determination does not end there, however. "The term 'custody' extends beyond physical confinement, and encompasses other "significant restraints on . . . liberty' that are 'not shared by the public generally.'" *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (quoting *Jones v. Cunningham*, 371 U.S.

---

[1] Petitioner's assertion that his habeas petition was filed while he was incarcerated is contradicted by the fact that the cover page of the petition and the return address on the envelope lists Petitioner's address as being in Delaware. (Docket Entry 1 at 1, 55).

3

236, 242, 240 (1963)). Custody, however, does not include non-punitive "collateral consequences" of a conviction. *See Maleng v. Cook*, 490 U.S. 488, 492(1989) (noting "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").

Petitioner asserts he is "restrained of [his] liberty" due to his obligation to register as a sex offender pursuant to New Jersey's Megan's Law, N.J. STAT. ANN. § 2C:7-1 *et seq.*, therefore satisfying the custody requirement. (Docket Entry 1 at 6). Though the Court of Appeals for the Third Circuit has not yet addressed whether such requirement suffices for purposes of 28 U.S.C. § 2254, every federal circuit court to have addressed this question has found the registration requirements for sexual offenders insufficient to satisfy the "in custody" requirement. *See, e.g., Calhoun v. Attorney General*, 745 F.3d 1070, 1074 (10th Cir. 2014), *cert. denied sub nom Calhoun v. Suthers*, 135 S. Ct. 376 (2014) (collecting cases); *Wilson v. Flaherty,* 689 F.3d 332, 336 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 2853 (2013); *Virsnieks v. Smith,* 521 F.3d 707, 718 (7th Cir. 2008), *cert. denied*, 555 U.S. 868 (2008); *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998), *cert. denied*, 525 U.S. 1081 (1999)). This Court, however, cannot determine whether the registration requirement under the State of New Jersey's

Megan's Law meets the "in custody" requirement of federal habeas relief because it lacks jurisdiction to do so.

Even if Petitioner could satisfy the "in custody" requirement, the Court would still lack jurisdiction over this petition as it is barred under 28 U.S.C. § 2244(b) as a second or successive petition. None of the grounds raised in the instant petition are grounds that could not have been raised in any one of Petitioner's prior petitions. Where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (citing *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991); *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)). Absent an order from the Third Circuit, this Court lacks jurisdiction over the petition.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*,

5

537 U.S. 322, 327 (2003). The present case fails to meet this standard, therefore no certificate of appealability will be issued.

**V. CONCLUSION**

Petitioner Jones seeks to challenge his state conviction and sentence, which he has finished serving. As this is a successive § 2254 petition, barred by § 2244(b), this Court must dismiss the petition for lack of jurisdiction. No certificate of appealability will be issued. Petitioner's application to proceed *in forma pauperis* and motion for the appointment of counsel are dismissed as moot. An accompanying Order will be entered.

|  |  |
|---|---|
| **August 6, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
|  | Chief U.S. District Judge |