```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RONALD JONES,<br><br>            Petitioner,<br><br>     v.<br><br>PAUL K. LAGANA, et al.,<br><br>            Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>    No. 13-5185 (JBS)<br><br>          **OPINION** |

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Before the Court is Petitioner Ronald Jones' ("Petitioner") motion for relief from this Court's order dismissing his Petition for Writ of Habeas Corpus. Fed. R. Civ. Pro. 60(b); (Docket Entry 8). For the reasons set forth below, the motion is denied.

**II. BACKGROUND**

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Cumberland County, of kidnapping, aggravated sexual assault, and possession of a weapon for an unlawful purpose. On October 19, 1981, the trial court imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility. After several unsuccessful 28 U.S.C. § 2254 petitions, *see Jones v. Lagana*, No. 12-5823, 2015 WL 851500, at *1 (D.N.J. Feb. 26, 2015) (reviewing history of

Petitioner's § 2254 filings); *Jones v. New Jersey Parole Bd.*, No. 09-2510, 2011 WL 2923705, at *1-2 (D.N.J. July 18, 2011) (same), a new § 2254 proceeding challenging Petitioner's convictions was filed on August 29, 2013. (Docket Entry 1).

By Order entered on August 7, 2015, this Court dismissed the petition for lack of jurisdiction as Petitioner was not "in custody" for habeas purposes, and the petition was a second or successive petition. (Docket Entries 4 & 5). Petitioner filed a notice of appeal with the Court of Appeals for the Third Circuit. (Docket Entry 6); *see also Jones v. Warden N. State Prison*, No. 15-3186 (3d Cir. docketed Sept. 11, 2015). He thereafter filed his motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on October 16, 2015. (Docket Entry 8).

### III. DISCUSSION

Petitioner brings this motion under Federal Rule of Civil Procedure 60(b)(1), alleging that the Court erred when it dismissed his habeas petition for lack of jurisdiction. He asserts that he had originally filed his § 2254 petition while incarcerated in Northern State Prison under Civil Action No. 12-5823. (Docket Entry 8 ¶¶ 1-2). He states he submitted a memorandum of law upon his release from custody, which was inadvertently assigned a new civil action number, 13-5186, instead of being filed in action 12-5823. (Docket Entry 8 ¶ 5).

He states it was therefore error for the Court to dismiss his petition for lack of jurisdiction as he was "in custody" at the time he filed his petition in 12-5823.

As Petitioner has filed an appeal of this Court's order dismissing his petition, (Docket Entry 6), the Court must first assess whether it has jurisdiction over this motion due to the pendency of the appeal. "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also Ingram v. Warden*, No. 10-4151, 2011 WL 318300, at *1 (D.N.J. Jan. 24, 2011) ("Simply put, [a litigant] cannot 'hedge his bets' by hoping that either continuing proceedings before this Court or his appeal before the Court of Appeals for the Third Circuit would yield a favorable result; rather, [he] is obligated to make an exclusive election."). District courts retain the ability to consider and deny, or certify to the court of appeals its inclination to grant a timely filed motion for relief from judgment, however. *Thomas v. Ne. Univ.*, 470 F. App'x 70, 71-72 (3d Cir. 2012).

Rule 60(b)(1) permits a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Petitioner asserts the Court erred by

3

determining he was not in custody at the time he filed the petition due to the opening of new habeas proceeding instead of filing his petition in another case, *Jones v. Lagana*, No. 12-5823 (D.N.J. Feb. 26, 2015). He then asks the Court to reopen the case he contends never should have been opened in the first place.

Any error in opening a new proceeding did not prejudice Petitioner such that relief under Rule 60(b) would be warranted. In dismissing the petition, the Court specifically noted that in addition to lacking jurisdiction because Petitioner was not "in custody," the Court lacked jurisdiction over the petition as the petition was barred under 28 U.S.C. § 2244(b) as a second or successive petition. (Docket Entry 4 at 5). Thus, even if the Court had determined Petitioner was "in custody," the petition still would necessarily have been dismissed as a second or successive petition.[1] Petitioner is not entitled to relief under Rule 60(b).

---

[1] The Honorable Noel L. Hillman, D.N.J., dismissed Petitioner's petition in Civil Action 12-5823 as a second or successive petition as well. *Jones*, No. 12-5823 (D.N.J. Feb. 26, 2015). As both courts reached identical conclusions, it is clear the result of that proceeding would not have changed if the memorandum had been filed in that action.

4

**V. CONCLUSION**

    For the reasons stated above, Petitioner's motion to reopen the case and for relief from this Court's August 7, 2015 judgment is denied.

    An accompanying order follows.

| | |
|---|---|
| **January 25, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |